DICKINSON, Presiding Justice,
concurring in part and in result:
¶ 27. Because I continue to disagree with this Court’s holding in Dambrell v. State,[1] and because the trial judge in this case granted the State a jury instruction based on that decision, I concur in part and result.
*739 ¶ 28. Mississippi’s armed-robbery statute requires the State to prove that the defendant facilitated a robbery by “exhibition of a deadly weapon.”[2] And in Gibby v. State, we held that the statute meant what it said, and that a robbery victim’s assumption that the defendant possessed a weapon would not substitute for actual exhibition of the weapon during the robbery.[3]
¶ 29. But in Dambrell, the defendant— who had entered a store, intending to commit a robbery — carried with him a knife that was completely concealed by a towel wrapped around his hand.[4] He was convicted of armed robbery, and he appealed, arguing that he did not exhibit any weapon at all.
¶ 80. A majority of this Court adopted the concept of constructive exhibition, that is to say, the State no longer was required to prove the defendant actually exhibited a deadly weapon (as required by the statute), so long as the State could prove that “a defendant [made] an overt act and a reasonable person would believe that a deadly weapon [was] present... ,”[5]
¶ 31. Believing that statutes should be applied as they were written by the Legislature, I dissented in Dambrell. As I stated in that case, criminal statutes must be strictly construed in favor of the accused, and the majority opinion impermissibly abrogated a statutory element of armed robbery.[6] Simply put, one cannot commit armed robbery without actually exhibiting a deadly weapon.[7]
¶ 32. In the case before us today, the trial court granted a jury instruction based on this Court’s Dambrell holding. Because I believe Dambrell was erroneously decided, I cannot join the majority’s conclusion that the trial court did not err by granting that instruction. That said, the defendant in this case actually exhibited a deadly weapon, so I join the majority in part, and in result.
CHANDLER, J., JOINS THIS OPINION.

. Dambrell v. State, 903 So.2d 681 (Miss. 2005).

. Miss.Code Ann. § 97-3-79 (Rev.2006).

. Gibby v. State, 744 So.2d 244, 245 (Miss.1999).

. Dambrell, 903 So.2d at 682.

. Id. at 683.

. Id. at 689, 690 (Dickinson, J., dissenting) (citing Conley v. State, 790 So.2d 773, 809 (Miss.2001)).

. Miss.Code Ann. § 97-3-79 (Rev.2006).